UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Oryan L. Miller,** | ) | **CASE NO. 4:14 CV 2534** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Christopher LaRose,** | ) | |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Knepp (Doc. 8) recommending that the Petition for Writ of Habeas Corpus pending before the Court be denied and dismissed. Petitioner did not file objections to the recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Facts**

Petitioner was sentenced in 2010 to an aggregate term of imprisonment of 18 years to life by the Trumbull County Court of Common Pleas after a jury found him guilty for his part in a murder in connection with a burglary. Petitioner filed his Petition on November 18, 2014,

placing it in the prison mail system on November 10, 2014.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." When no objections have been filed this Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

**Discussion**

The Magistrate Judge determined that the Petition was time-barred by the one year statute of limitations set forth by the AEDPA. It is not disputed that petitioner's conviction became final on April 21, 2011. The statute of limitations began running the next day on April 22, 2011 and expired one year later on April 22, 2012. Because April 22 of that year fell on a Sunday, the filing deadline was extended to April 23, 2012. Under the prison mailbox rule, petitioner did not complete and mail his Petition until November 10, 2014. The statue of limitations had expired. Petitioner was not entitled to statutory tolling because he did not have any filings pending in the Ohio courts. Nor was petitioner entitled to equitable tolling given that petitioner was not diligently pursuing his rights. Rather, he waited to file his untimely post-conviction petition in the state courts two years after his direct appeal was rejected despite being aware of the post-conviction process during the initial stages of his direct appeal.

Despite being granted two extensions of 30 days to file his objections to the Report and Recommendation, petitioner failed to timely do so. Having reviewed the Magistrate Judge's

2

recommendation for clear error, the Court finds none. Accordingly, the Report and Recommendation is accepted for the reasons stated therein.

### **Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, which is incorporated herein, the Petition for Writ of Habeas Corpus is denied and dismissed as untimely. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P.22(b).

IT IS SO ORDERED.

                            /s/ Patricia A. Gaughan
                            PATRICIA A. GAUGHAN
                            United States District Judge

Dated: 7/19/16